UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

YVETTE LYNN WILLIAMS,

        Plaintiff,

  v.                                      1:17-CV-01276-LJV
                                             DECISION & ORDER
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____

       The plaintiff, Yvette Lynn Williams, is a prevailing party in this social security benefits action. Her counsel has moved for attorney's fees under 42 U.S.C. § 406(b)(1)(A). Docket Item 15. The defendant has not responded, and the time to do so has now expired. *See* Local Rule 5.5(g)(4).

       Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

       On September 30, 2020, Williams received a notice of award from the Social Security Administration, which noted that 25% of her past-due benefits—$26,486.90—was withheld to pay possible attorney fees. Docket Item 15-5 at 5. Her counsel seeks $20,000 in fees, Docket Item 15-2 at 4, which is less than 25% of the past-due benefits

and therefore less than the amount to which counsel is entitled under the contingent-fee agreement that provides for attorney's fees in the amount of 25% of any recovery, Docket Item 15-3.

Having reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Moreover, there is no indication that this fee is a windfall.[1] *Id.* The $20,000 fee request is therefore granted under 42 U.S.C. § 406(b)(1)(A).

By stipulation approved and ordered on November 4, 2018, this Court previously awarded Williams's counsel $3,610 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Docket Items 13, 14. Because the fees granted above exceed the EAJA fees, Williams's counsel must refund the EAJA fees to her. *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

---

[1] While the fee here constitutes an hourly rate of $1,000—high by Western New York standards—the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here. *See Gisbrecht*, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement"). Moreover, as noted above, the fee is less than that contemplated by the fee agreement.

**ORDER**

In light of the above,

IT IS HEREBY ORDERED that the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) in the amount of $20,000, Docket Item 15, is GRANTED; and it is further

ORDERED that Williams's counsel shall refund the $3,610 in EAJA fees to Williams within 14 days of the date of this decision and order.

SO ORDERED.

Dated:   November 16, 2020
         Buffalo, New York

                                                 */s/ Lawrence J. Vilardo*
                                                 LAWRENCE J. VILARDO
                                                 UNITED STATES DISTRICT JUDGE